UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| MICHAELA JEFFERY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 3:19-cv-00023-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| MEDICAL PROTECTIVE COMPANY, | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| Defendant. | ) | **ORDER** |
| | ) | |
| | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Before the Court is Plaintiff Michaela Jeffery's Motion to Alter, Amend, or Vacate Judgment and Leave to Amend the Complaint. [R. 16.] For the following reasons, Plaintiff's Motion is GRANTED.

**I**

On March 13, 2020, this Court dismissed without prejudice Plaintiff Michaela Jeffery's bad faith claim under the Kentucky Unfair Claims Settlement Practice Act. [R. 14.] In order to prevail under the Kentucky Unfair Settlement Practice Act, a plaintiff must prove "(1) the insurer is obligated to pay the claim under the terms of the policy; (2) the insurer lacks a reasonable basis in law or fact for denying the claim; and (3) the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed." *Bruckner v. Sentinal Ins. Co. Ltd.*, 2011 WL 58991 at *2 (E.D. Ky. Feb. 10, 2011)(quoting *Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993)). Ms. Jeffery's claim against Defendant Medical Protective Company (Med Pro) was premature, because she had not

established the first element.  Although she had obtained a judgment in state court against its insured, Dr. Justin Clemens, for incomplete and shoddy dental work, Med Pro was not a party to that suit and the issue of coverage under the policy was not adjudicated.  Therefore, the Court dismissed this claim without prejudice.

Now, Ms. Jeffery asks the Court to amend its judgement so that she may file an amended complaint which includes a request for declaratory relief regarding coverage under Med Pro's policy.  [R. 16.]  Med Pro argues that amendment is inappropriate, because Ms. Jeffery has failed to demonstrate cause for amendment under Rule 59.

II

A motion to alter or amend a judgment under Rule 59(e) "may be granted if there was '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'"  *Culver v. CCL Label, Inc.*, 455 F. App'x 625, 631 (6th Cir. 2012) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)).  The purpose of Rule 59(e) is to allow the district court "to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings."  *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (internal quotation marks omitted).  A Rule 59(e) motion, however, "is not an opportunity to re-argue a case," and "does not permit parties to reargue a case."  *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citing *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)).  Motions to alter or amend a judgment pursuant to Rule 59(e) "are extraordinary and sparingly granted."  *Marshall v. Johnson*, 2007 WL 1175046, *2 (W.D. Ky. April 19, 2007).  Whether to grant or deny a Rule 59(e) motion is within the discretion of the trial court. *GenCorp., Inc. v. Am. Int'l Underwriters,*

178 F.3d 804, 832 (6th Cir.1999); *Spigelman v. Samuels*, 2013 WL 1898268, at *2 (E.D. Ky. May 7, 2013).

### A

The Court dismissed Ms. Jeffery's claim because it suffered from a procedural defect. As explained in the earlier Memorandum Opinion and Order: "Ms. Jeffery cannot proceed on her KUCSPA claim against Med Pro at this time. '[A] third-party claimant may only sue the insurance company under the UCSPA when coverage is not contested or already established.' *Pryor*, 414 S.W.3d at 432. Liability has been established, but coverage remains in dispute." [R. 14 at 6.] The claim was dismissed without prejudice, because the Court anticipated Ms. Jeffery could refile the bad faith claim later should the issue of coverage be resolved. *Id.* at 6, n. 2.

That was error. "Generally, '[i]f it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend.'" *Brown v. Matauszak*, 415 Fed. App'x 608, 614 (6th Cir. 2011) (*citing* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 1483 (3d ed. 2010)). Ms. Jeffery can remedy her complaint by adding a request for declaratory relief with respect to the issue of coverage. This does not pose any prejudice to Med Pro because the issue of coverage was raised in the initial complaint, just not through the proper vehicle. Furthermore, it is the result the Court intended when it dismissed the claim *without* prejudice when it should have dismissed with leave to amend. Ms. Jeffery's Motion to Amend, Alter or Vacate and for Leave to File Amended Complaint is GRANTED.

### B

As a final matter, the Court addresses Ms. Jeffery's request to "stay the bad faith claim

pending the resolution of the declaratory action." [R. 16; R. 18.] Claims like Ms. Jeffery's are not unusual. Federal Rule of Civil Procedure 42(b) provides that "for convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). In determining whether to grant a motion to bifurcate, the Court should consider "the potential prejudice to the parties, the possible confusion of the jurors, and the resulting convenience and economy." *Wilson v. Morgan*, 477 F.3d 326, 339 (6th Cir. 2007).

Bifurcation is common in insurance cases such as this, where a plaintiff makes contractual claims as well as claims for bad faith. This is because, oftentimes, the disposition of the contractual claim may obviate the need to try the issue of bad faith, and bifurcation can therefore "expedite and economize." Fed. R. Civ. P. 42(b). Accordingly, the Court will bifurcate Ms. Jeffery's claim and stay her bad faith claim until the declaratory action is resolved.

### III

Instead of dismissing Ms. Jeffery's bad faith claim without prejudice, the Court should have dismissed the claim with leave to amend. Accordingly, it is hereby **ORDERED** as follows:

1. Plaintiff Michaela Jefferey's Motion to Alter, Amend, or Vacate **[R. 16]** is **GRANTED**;

2. Plaintiff's Motion for Leave to File Amended Complaint **[R. 16]** is **GRANTED**; the Clerk **SHALL FILE** the tendered proposed amended Complaint [R. 16-2] in the record;

3. Plaintiff's claim for bad faith and/or violation of the Kentucky Unfair Claims Settlement Practices Act will be **BIFURCATED** from Plaintiff's request for declaratory relief for trial and discovery; and

4.      Plaintiff's bad faith claim is **STAYED** pending resolution of the underlying coverage dispute.

This the 8th day of May, 2020.

Gregory F. Van Tatenhove
United States District Judge