UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| MICHAELA JEFFERY, | ) |
| | ) |
| Plaintiff, | ) Civil No. 3:19-cv-00023-GFVT-EBA |
| | ) |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| MEDICAL PROTECTIVE COMPANY, | ) **&** |
| | ) **ORDER** |
| Defendant. | ) |
| | ) |
| | ) |

This matter is before the Court on Defendant Medical Protective Company's ("MedPro") Motion for Judgment on the Pleadings [R. 23.]  In her Amended Complaint, Plaintiff Michaela Jeffery seeks a judgment against Defendant MedPro declaring that the company is required to provide coverage to her claims of negligence against Dr. Justin Clemens, who was once insured by MedPro.  [R. 20 at 3.]  In response, MedPro seeks judgment on the pleadings, arguing that it is not required to provide coverage because Ms. Jeffery failed to notify the company of her claim before Dr. Clemens' policy expired.  [R. 23-1.]  Having reviewed the pleadings and entire record, the Court will **DENY** MedPro's Motion for Judgment on the Pleadings.

**I**

From October 2013 to February 2014, Plaintiff Michaela Jeffery sought dental care from Dr. Justin Clemens.[1]  [R. 1-2 at 3.]  Ms. Jeffery alleges that this care was negligent and caused

---

[1] Prior to having his license revoked, Dr. Clemens was licensed to practice in the Commonwealth of Kentucky and had offices in Fayette County, Kentucky.  [R. 1-2 at 2.]

her injury. *Id.* From June 20, 2013 to April 27, 2014, Dr. Clemens was insured by MedPro.[2] [R. 23-1 at 3-4.] Once Ms. Jeffery retained counsel, he drafted a letter to MedPro, dated April 15, 2014, informing the company that he represented Ms. Jeffery. [R. 23-4.] On that same day, counsel made a phone call to MedPro.[3] [R. 1-2 at 2.] On May 12, a representative of MedPro drafted a letter back to counsel stating "[i]f it is your client's intention to pursue a claim against our insured, we respectfully request you provide copies of any additional material supporting your claim that your client did not receive appropriate care […]." [R. 23-5.] Later that summer, on July 8 and August 5, counsel informed MedPro of Ms. Jeffery's specific allegations and gave an estimate of her damages. [R. 1-2 at 3-4.] On August 28, however, MedPro informed counsel that it would not cover the claim. [R. 1-2 at 4.] Later, in October, MedPro informed counsel that it would not defend the claim against Dr. Clemens either. *Id.* With no defense presented by either Dr. Clemens or MedPro, Ms. Jeffery obtained a judgment for $283,095 against Dr. Clemens in Fayette Circuit Court, Case No. 14-CI-4076 on October 17, 2016. *Id.* at 3. Now, Ms. Jeffery seeks a declaratory judgment that MedPro has a duty to provide coverage to Dr. Clemens and indemnify the judgment against him. [R. 20 at 3.] In response, MedPro seeks judgment on the pleadings, arguing that it has no duty to indemnify the judgment because it was not given proper notice of Ms. Jeffery's claim prior to the expiration of Dr. Clemens's insurance policy. [R. 23-1.]

---

[2] Although the original term of Dr. Clemens's insurance policy was to last until June 20, 2014, Dr. Clemens failed to pay his premium which caused early termination of his policy. [R. 23-1 at 3, n.1.]
[3] The details of whom counsel spoke with at MedPro or what was discussed are not part of the Record.

**II**

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed.R.Civ.P.12(c). "The standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted." *Fritz v. Charter Tp. of Comstock*, 592 F. 3d 718, 722 (6th Cir. 2010) (citing *Zeigler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001)). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JP Morgan Chase Bank, N.A.v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (internal citations omitted). Additionally, courts can examine "public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss, as long as they are referred to in the [c]omplaint and are central to the claims contained therein" without transforming a motion for judgment on the pleadings into a motion for summary judgment. *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008).

As is the case with a motion to dismiss under Rule12(b)(6), in a Rule 12(c) motion for judgment on the pleadings, the Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). Recently, the Supreme Court explained that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 570 (2007)).  *See also Courier v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629 (6th Cir. 2009).

Here, MedPro seeks judgment on the pleadings by arguing that Ms. Jeffery failed to give the company notice of her claim or potential claim prior to Dr. Clemens's policy expiring on April 27, 2014.  [R. 23-1 at 5.]  MedPro's insurance policy states that "the Company shall have no duty to defend or pay damages" unless a claim or potential claim is properly reported to the Company.  *Id.* at 2.  The policy states that a "claim," defined as "an express written demand for money as compensation for civil damages" must be provided to the company during the term of the policy or thirty (30) days thereafter.  *Id.* at 2-3.  Likewise, the policy states that a "potential claim," defined as "an incident which the Insured reasonably believes will result in a claim for damages," must be reported within the term of the policy.  *Id.* at 2.  Additionally, the report of a potential claim must also include "all reasonably obtainable information, including the time, place and circumstances of the incident, the nature and extent of the patient's injuries, and the names and addresses of the patient and any available witnesses."  *Id.*

After failing to pay his insurance premium, the term of Dr. Clemens's policy expired on April 27, 2014.  [R. 23-1 at 4, n. 2.]  Though communication with MedPro by Ms. Jeffery and her counsel was limited prior to the expiration of the policy, counsel did draft a letter to MedPro, dated April 15, advising of his representation of Ms. Jeffery and made a phone call to MedPro on that same day.  [R. 23-1 at 4.]  Ms. Jeffery pleads both communications in her Complaint.  [R. 1-2 at 2.]  Nonetheless, MedPro disputes that either of these communications constitute proper notice as required under its policy terms.  First, MedPro argues that neither communication constituted notice of a "claim" because neither were an "express written demand for money as compensation for civil damages."  Next, MedPro argues that it did not receive notice of a

4

"potential claim" prior to the expiration of Dr. Clemens's insurance policy either. MedPro makes two primary arguments. First, MedPro argues that because Ms. Jeffery pleads that Dr. Clemens "disappeared" and "abandoned" her, he was therefore unable to "reasonably believe" a claim for damages might result against him. [R. 23-1 at 9; R. 1-2 at 2.] Second, MedPro argues that neither the April 15, 2014 letter or phone call from counsel to MedPro constituted notice of a "potential claim" because Dr. Clemens did not personally notify MedPro of the incident and no party provided "all reasonably obtainable information" to MedPro prior to the expiration of Dr. Clemens's policy. [R. 23-1 at 9.]

Plaintiff disputes MedPro's position that it was not provided proper notice under the terms of its policy. She first argues that the "legal definition of notice" was satisfied by counsel's contacts with MedPro. [R. 29 at 5-7.] In support, Plaintiff refers to the Uniform Commercial Code and the Uniform Residential Landlord Tenant Acts which define notice as:

> (1) A person has notice of a fact if:
>    (a) He has actual knowledge of it;
>    (b) He has received a notice or notification of it; or
>    (c) From all the facts and circumstances known to him at the time in question he has reason to know that it exists.

KRS § 383.560; KRS § 355.1-202. Ms. Jeffrey argues that, under this definition, MedPro was provided proper notice. [R. 29 at 6.] Ms. Jeffrey also refers to a letter her counsel received from a MedPro representative in response to counsel's April 15, 2014 letter as evidence of notice. MedPro's response letter, dated May 12, states the following:

> If it is your client's intention to pursue a claim against our insured, we respectfully request you provide copies of any additional material supporting your claim that your client did not receive appropriate care. This request specifically includes, but is not limited to, any written report from any healthcare professional who has treated your client or reviewed the records and has given an opinion stating how the standard of care was breached and on what they base their opinion.

5

[R. 23-5.] Ms. Jeffery argues that, by stating the words "your claim that your client did not receive appropriate care," MedPro is indicating that it was on notice of a claim or potential claim. [R. 29 at 6.] Additionally, Ms. Jeffery argues that, regardless of the specifics of what was said on the phone or in counsel's initial letter, "a medical malpractice attorney […] has no purpose in writing an insurer other than to put the insurer on notice of a 'claim' or 'potential claim.'" *Id.* Finally, Plaintiff argues that her counsel did indeed provide MedPro with "all reasonably obtainable information" on April 15, 2014 through his letter and phone call. [R. 29 at 7.] Plaintiff argues that, until she had a follow-up appointment for treatment on April 17, she did not know the extent of her injuries and was only aware that she believed Dr. Clemens's treatment had been negligent. *Id.* Because her counsel allegedly informed MedPro that Plaintiff believed Dr. Clemens's treatment to be negligent, she argues that counsel did indeed provide MedPro with all known reasonably obtainable information prior to the expiration of Dr. Clemens's insurance policy. [R. 29 at 7.]

In its Reply, MedPro first argues that "actual notice" is not the applicable standard in this scenario. MedPro states "this is not a UCC matter where KRS 355.1-202's definition of notice may control. It is also not a landlord-tenant dispute where KRS 385.560's definition of notice may control. Instead, this is an insurance policy/claim dispute, and whether or not proper notice was provided is governed by the notice provision in that insurance policy." [R. 32 at 4.]

The Court agrees with MedPro that the definitions of notice Ms. Jeffery has provided are inapplicable in this case. "Courts cannot make a new contract for the parties under the guise of interpretation or construction but must determine the rights of the

6

parties according to the terms agreed upon by them." *Meyers v. Kentucky Med. Ins. Co.*, 982 S.W.2d 203, 210 (Ky. 1997). Although the term "notice" is not specifically defined in the policy agreement, MedPro's terms make clear that the reporting of claims is to be done in a specific manner for coverage to be provided. [*See* R. 23-1 at 2-3.]

Next, MedPro once again argues that it did not receive notice of a "claim" or "potential claim" prior to the expiration of Dr. Clemens's insurance policy. [R. 32 at 5-6.] While the Court agrees with MedPro that it did not receive notice of a "claim" because neither the letter from Plaintiff's counsel nor the phone call to MedPro from Plaintiff's counsel were an "express written demand for money as compensation for civil damages," the Court does not agree that, on the pleadings, Plaintiff fails to show that MedPro was notified of a "potential claim." Although the Record has not been developed as to the details of the conversation between MedPro and Plaintiff's counsel at this stage in the litigation, it is plausible that MedPro was both informed of a "potential claim" in that phone call and was provided with all known "reasonably obtainable information" at the time that phone was made. Moreover, the Court is unpersuaded that Dr. Clemens could not have "reasonably believe[d]" that a claim for damages might occur when he abandoned his patient. Thus, because the Court finds that the pleadings render it plausible that MedPro was notified of a "potential claim" against Dr. Clemens prior to the expiration of his insurance policy, MedPro's Motion for Judgment on the Pleadings is **DENIED**.

## II

Though the Court will deny MedPro's Motion on grounds discussed previously, the Court will analyze Plaintiff's argument that MedPro's notice requirement violates

7

public policy.  In support, Plaintiff cites to the Kentucky Supreme Court's decision *Jones v. Bituminous Casualty Corp.*, which states that an insurer cannot deny coverage due to late notice unless it proves that the late notice caused it prejudice.  821 S.W.2d 798, 801 (Ky. 1991) (adopting the majority trend that an "insurer cannot withdraw coverage on the ground that a notice condition had not been met unless the insurer can show that it was prejudiced by the act of the insured.")  Plaintiff further argues that, beyond just notice requirements, a federal district court in the Western District of Kentucky has indicated that, under *Jones*, general "conditions precedent" to coverage cannot be used to deny coverage to an insured party unless the failure to comply with the condition precedent is shown to prejudice the insurance company.  *See Cincinnati Ins. Co. v. Taylor*, 2003 U.S. Dist. LEXIS 4608, at *14 ("Under *Jones*, once it is demonstrated that the insured breached a condition precedent to recovery, the burden of proof is on the insurance company to prove that it has been prejudiced by the breach.") (citing *Jones*, 821 S.W.2d at 803.)  Plaintiff therefore argues that MedPro's notice requirement constitutes a "condition precedent," and that, because MedPro has not proven that it was prejudiced by the alleged lack of notice, it must provide coverage to her claim.  [R. 29 at 4.]

      In response, Defendant relies on both *Trek Bicycle Corp. v. Mitsui Sumitomo Ins. Co.*, 2006 U.S. Dist. LEXIS 38760 (W.D. Ky. 2006) and *AIG Domestic Claims, Inc. v. Tussey*, 2010 Ky. App. LEXIS Unpub. 741 (Ky. App. 2010), to argue that Jones's notice-prejudice rule does not apply to claims-made insurance policies.  In *Trek*, Plaintiffs sought contribution from an insurance company for a settlement made in a Kentucky state-court lawsuit.  *Trek*, LEXIS 38760 at *1.  There, a district court in the Western District of Kentucky reasoned that claims-made policies, like the policy in this case,

8

differ from occurrence-based policies, which provide coverage based on the actual occurrence of an event, not a reported claim of an occurrence. *See Id.* at *7-*8. The court reasoned that "claims made policies are different. At the end of the policy period the insurer and insured know their risk and exposure. The claims must be made within the policy period and under the policy the insurer must be given immediate notice." *Id.* at *8. Ultimately, the district court ruled that, unlike the insurance policy in *Jones*, claims-based policies were not subject to Kentucky's notice-prejudice rule. *Id.* at *9. Defendant also points the court to *AIG Domestic Claims, Inc. v. Tussey*, 2010 Ky. App. LEXIS Unpub. 741 at *8. Although the Court in *Tussey* stated that coverage is required in cases where a policy expires and is renewed at the same time[4], it conceded that "if the policy had expired and no additional premium was paid for an extension of coverage" coverage is not required. [R. 32 at 3; LEXIS Unpub. 741 at *8.] MedPro argues this exception describes the current situation in this case.

      Ultimately, the Court agrees with the Western District's rationale surrounding claims-based coverage and finds that the notice-prejudice rule to be inapplicable in claims-based insurance policies. Unlike in occurrence-based insurance policies, claims-based policies are designed to permit coverage of incidents which the insurance company is properly notified of prior to the expiration of a policy. This differs from occurrence-based policies where the fact that an event occurred itself gives rise to coverage. For an insurance company to formulate new contracts with additional customers and make

---

[4] MedPro further notes that the *Tussey* court's holding regarding the continuation of coverage in cases where a policy expires and is renewed at the same time is heavily criticized by Kentucky federal district courts, reasoning that they do not believe the Kentucky Supreme Court would uphold it if given the opportunity. *See, e.g.*, *Ashland Hosp. Corp. v. RLI,* 2015 U.S. Dist. LEXIS 33775 at *32-*37; *C.A. Jones Mgt. Grp. LLC v. Scottsdale Indem. Co.,* 2015 U.S. Dist. LEXIS 37575 at *13-*16.

9

business decisions, it must be made aware of all claims in existence on current accounts. If these risks are not disclosed in a claim prior to the expiration of a policy, that claim need not be covered, regardless of a showing of prejudice by the insurance company. This is because the company is inherently prejudiced by the filing of a claim that it believed to be non-existent prior to the making of subsequent business decisions. Thus, Plaintiff's argument that prejudice must be proven in order for MedPro to prevail on a lack of notice defense fails. Nonetheless, the Court will still deny MedPro's Motion on the separate grounds discussed above.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that Defendant's Motion for Judgment on the Pleadings [**R. 23**] is **DENIED.** Furthermore, discovery in this matter is **NO LONGER STAYED** pending resolution of this Motion [R. 24; R. 33.]

This the 27th day of January, 2021.

Gregory F. Van Tatenhove
United States District Judge