UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

|  |  |  |
|---|---|---|
| MICHAELA JEFFERY, | ) ) ) | |
| Plaintiff, | ) ) | Civil No. 3:19-cv-00023-GFVT |
| V. | ) ) | |
| MEDICAL PROTECTIVE CO., | ) ) | **MEMORANDUM OPINION & ORDER** |
| Defendant. | ) ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on a Motion for Reconsideration by Plaintiff Michaela Jeffery. [R. 67.] Ms. Jeffrey brought this declaratory action to establish coverage under her dentist's medical malpractice liability policy with Defendant Medical Protective Company. [R. 1.] After the parties sought summary judgment, the Court ruled in favor of MedPro. [R. 61.] Now, Ms. Jeffery presents additional testimony from one of her witnesses to bolster her arguments briefed during summary judgment. She hopes the Court will reconsider its opinion in light of her new positions. Because this evidence was available to her prior to the Court's ruling, her motion **[R. 67]** is **DENIED**.

**I**

This dispute began with negligent dental work by Dr. Justin Clemens and an attempt by his patient, Michaela Jeffery, to trigger coverage by his insurer, MedPro. [R. 61 at 1–2.] Ms. Jeffery obtained default judgment against Dr. Clemens after he negligently installed her dental implants between October 2013 and February 2014. [R. 46-1 at 2, 4.] She retained attorney Al Welsh, who attempted to notify MedPro of Ms. Jeffery's claim. *Id.* at 2.

In March 2019, Ms. Jeffrey sued MedPro to obtain a declaration that Dr. Clemens's policy covered her injuries. [R. 49 at 9; R. 1.] Eventually, the parties filed cross motions for summary judgment. [R. 46; R. 47.] The Court granted summary judgment in favor of MedPro. [R. 61 at 10–11.] The Court found that the insurance policy conditioned coverage upon someone reporting "all reasonably obtainable information" regarding the claim to MedPro during the period of coverage. *Id.* at 10. Because Al Welsh admitted that he did not provide MedPro with all the details that he knew about Ms. Jeffrey's claim, the Court held that he failed to trigger MedPro's coverage requirement. *Id.*

Ms. Jeffrey now asks the Court to set aside summary judgment, pursuant to Rule 59(e). [R. 67.] The parties having fully briefed the matter, the issue is ripe for review. [R. 68; R. 69.]

## II

Rule 59(e) permits federal courts to entertain motions to reconsider their judgments. Fed. R. Civ. P. 59(e); 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1 (3d ed. 2022). To grant a motion to reconsider, there must be (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *Intera Corp. v. Henderson*, 428 F. 39 605, 620 (6th Cir. 2005).

The movant cannot simply reargue the case. *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008). Nor can he raise new arguments that were available to him prior to judgment. *Id.* If a motion to reconsider is based exclusively on legal arguments or evidence that could have been raised in the original briefing, it should be denied. *Sparks v. Fifth Third Mortg. Co.*, No. 5:17-450-KKC, 2019 US. Dist. LEXIS 121544, at *4 (E.D. Ky July 22, 2019). At bottom, only a manifest error of law or newly discovered evidence justifies granting a motion to reconsider. *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007).

None of Ms. Jeffrey's arguments present a legal error or newly discovered evidence. Instead, she seeks to relitigate the motion for summary judgment with new theories and evidence that were available to her when she briefed the original motion. Ms. Jeffrey argues that the Court incorrectly characterized the factual record regarding the information that Al Welsh provided to MedPro when he attempted to notify it of Ms. Jeffrey's claim. [R. 67-1 at 2.] She also asserts that MedPro initially denied coverage for a reason other than Al Welsh's failure to provide all reasonably available information. *Id.* at 6. Last, she claims that MedPro presented no evidence regarding what information Al Welsh provided it. *Id.* at 10. Because each of these arguments was available to Ms. Jeffrey when she briefed the Court on summary judgment, her motion will be denied.

First, Ms. Jeffrey's argument regarding the information that Al Welsh provided MedPro only attempts to recontextualize Mr. Welsh's deposition. At issue is a series of phone calls that Al Welsh made to MedPro in 2014. [R. 61 at 2; R. 67-1 at 2.] In his deposition, Mr. Welsh admitted that he knew the following prior to the phone call: Ms. Jeffrey went to Dr. Clemens as a referral from her dentist; Dr. Clemens claimed to put implants in her mouth; she then suffered pain; Dr. Clemons absconded and abandoned her; and a staff member at Dr. Clemons's office told Ms. Jeffrey that no implants showed up on an x-ray. [R. 61 at 9–10; R. 56-5 at 7–8.] The Court considered this as a baseline for the reasonably obtainable information that Al Welsh knew when he called MedPro. [R. 61 at 9–10.] Yet Mr. Welsh recalled giving relatively scant details to MedPro on the call. *Id.* at 9; [R. 56-5 at 3 ("I would have identified who I am, and I would have told them why I was calling. I would ask them . . . who's the claims person or adjuster . . . assigned to the claim.")].

3

Originally, Ms. Jeffrey argued that Mr. Welsh's failure to provide more details was justified given that he "did not have access to any medical records, had not consulted an expert, and could not give any specifics regarding the damages since damages were not known at that time." [R. 46-1 at 6.] Now, Ms. Jeffrey claims that, rather than admitting he did not provide specific details, Mr. Welsh simply could not remember the intricacies of the phone call during his deposition. [R. 67-1 at 2.] Interestingly, Mr. Welsh now claims to remember far more details from the phone call. Along with her motion to reconsider, Ms. Jeffrey submits an affidavit from Mr. Welsh that speculates that he "would have conveyed all reasonably obtainable information known at the time." *See id.* (discussing the affidavit). Based on Mr. Welsh's habits, he now believes that he gave MedPro specifics about the claim during a subsequent call. *Id.* at 4.

Neither Ms. Jeffrey's new characterization of Mr. Welsh's deposition testimony nor Mr. Welsh's new affidavit are relevant at this stage. Ms. Jeffrey had the opportunity to argue what Mr. Welsh's deposition did or did not show when she first briefed this issue. Moreover, any additional statements or affidavits from Mr. Welsh could have been submitted prior to summary judgment. Ms. Jeffrey's eleventh-hour salvo attempts to reargue the motion and present new evidence, so it must be denied. *See Sparks*, 2019 US. Dist. LEXIS 121544, at *4.

Second, Ms. Jeffrey argues that MedPro has prejudiced her by asserting the contract's reasonably obtainable information clause as a defense when it originally denied coverage because the insured, Dr. Clemens, did not notify MedPro of the claim himself. [R. 67-1 at 6–10.] Essentially, Ms. Jeffrey suggests that the change in contractual defenses prevented her from gathering evidence that Al Welsh provided more details during a phone call to MedPro. In his new affidavit, Mr. Welsh claims that he thinks he told George Siefert the details of Dr. Clemens's malpractice. [R. 67-1 at 4.] Unfortunately, Mr. Siefert is dead. *Id.* at 9. Had

4

MedPro asserted the reasonably obtainable information defense earlier, Ms. Jeffrey believes she would have obtained corroborating evidence from Mr. Siefert that Al Welsh disclosed the full nature of her claim to MedPro. *Id.* at 9.

This quasi-spoliation argument could have been raised prior to summary judgment. In addition to citing no legal authority in support of her prejudice theory, Ms. Jeffrey's argument is out of touch with the standard for summary judgment. During summary judgment, the issue is not whether some evidence could theoretically support the plaintiff's theory of recovery, but rather whether there is an absence of evidence before the Court that in fact supports her theory. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the proponent of summary judgment shows an absence of evidence in the nonmoving party's case, the nonmoving party must show specific facts that demonstrate a genuine issue in dispute. *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). Even if the Court were inclined to relitigate the issue, the possibility that Mr. Siefert could have corroborated Ms. Jeffrey's theory that Al Welsh gave more details to MedPro would not survive summary judgment. Instead of being prejudiced by MedPro's defense, Ms. Jeffrey is prejudiced by Mr. Welsh's failure to recall or document the information that he provided to MedPro regarding her claim.

Ms. Jeffrey's final argument for reconsideration fails for similar reasons. She asserts that she is the only party to present any evidence regarding the submission of reasonably obtainable information. [R. 67-1 at 10.] To do so, she relies on Al Welsh's new affidavit as evidence of Mr. Welsh's communications with MedPro. *Id.* As stated, it is too late for Ms. Jeffrey to present the Court with evidence that she had at her disposal prior to summary judgment. Moreover, she again conflates the burden facing her. MedPro suggests that there is no evidence in the record that Ms. Jeffrey complied with the reasonably available information clause. So, Ms. Welsh bears

the burden of pointing to specific facts that genuinely put the issue in dispute. *Hall Holding*, 285 F.3d at 424. She did not do so prior to summary judgment. She cannot use facts that she previously had at her disposal to relitigate the case. *See Sparks*, 2019 US. Dist. LEXIS 121544, at *4.

### III

Ms. Jeffrey has neither presented the Court with an error of law nor with newly discovered evidence. Instead, she relies on facts and arguments that were available to her prior to summary judgment. Accordingly, for these reasons, her Motion to Alter or Amend Summary Judgment **[R. 67]** is **DENIED**.

This the 28th day of March 2023.

Gregory F. Van Tatenhove
United States District Judge