UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| MICHAELA JEFFERY, | ) |
| Plaintiff, | ) ) Civil No. 3:19-cv-00023-GFVT |
| v. | ) ) |
| MEDICAL PROTECTIVE CO., | ) **MEMORANDUM OPINION** ) **&** |
| Defendant. | ) **ORDER** ) |

*** *** *** ***

This matter is before the Court upon a motion for summary judgment filed by Defendant Medical Protective Co. ("Med Pro"). [R. 77.] Previously, the Court granted Med Pro's motion for summary judgment relating to Plaintiff Michaela Jeffery's declaratory judgment action. Now, Med Pro avers that, because it does not have a contractual duty to indemnify Dr. Justin Clemens for his negligent treatment of Ms. Jeffery, it is entitled to summary judgment on Ms. Jeffery's bad-faith claim. For the reasons that follow, Med Pro's motion will be **GRANTED**.

**I**

From October 2013 to February 2014, Plaintiff Michaela Jeffery received dental care from Dr. Justin Clemens, then a medical professional insured by Defendant Med Pro. [R. 1-2 at 3.] During this time, Dr. Clemens negligently installed Ms. Jeffery's dental implants and then "abandoned [her] when she needed additional dental work" to correct the implants and repair the extraction sites. [R. 46-1 at 2.] In response to Dr. Clemens' negligence, Ms. Jeffery filed suit against him in state court. In October 2016, Ms. Jeffery obtained default judgment for $283,095.00 against Dr. Clemens in Fayette Circuit Court, Case No. 14-CI-4076. [R. 46-1 at 4.]

And, in March 2019, Ms. Jeffery filed suit against Med Pro to attain a declaration that the company is required to indemnify Dr. Clemens against Ms. Jeffery's default judgment. [R. 1.]

As is usual in insurance cases like this one, Ms. Jeffery's bad faith claim was bifurcated from her request for declaratory relief. [R. 19 at 4.] Consequently, the bad faith claim was stayed pending resolution of the underlying coverage dispute. *Id*. at 5. Eventually, the Parties filed cross-motions for summary judgment on the contractual question. In June 2022, the Court issued a Memorandum Opinion and Order in favor of Med Pro. [R. 61.] After determining that there were no genuine questions of material fact in dispute, the Court analyzed the insurance contract between Dr. Clemens and Med Pro. The Court found that, because Ms. Jeffery had failed to fully satisfy the contract's notice requirement, Med Pro was entitled to summary judgement and Ms. Jeffery is not owed declaratory judgment. *Id.* In other words, Med Pro has no contractual duty to indemnify Dr. Clemens.

Now, Med Pro moves for summary judgment on Ms. Jeffery's bad faith claim, arguing that the Court's conclusion on the contractual dispute forecloses any relief for Ms. Jeffery on her bad faith claim. The matter is now ripe for review.

## II

Summary judgment is appropriate when the pleadings, discovery materials, and other documents in the record show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). "A genuine dispute exists on a material fact, and thus summary judgment is improper, if the evidence shows 'that a reasonable jury could return a verdict for the nonmoving party.'" *Olinger v. Corp. of the Pres. of the Church*, 521 F. Supp. 2d 577, 582 (E.D. Ky. 2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

2

The moving party has the initial burden of demonstrating the basis for its motion and identifying those parts of the record that establish the absence of a genuine issue of material fact. *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). The movant may satisfy its burden by showing "that there is an absence of evidence to support the non-moving party's case." *Celotex Corp.*, 477 U.S. at 325. Once the movant has satisfied this burden, the non-moving party must go beyond the pleadings and come forward with specific facts demonstrating there is a genuine issue in dispute. *Hall Holding*, 285 F.3d at 424 (citing *Celotex Corp.*, 477 U.S. at 324).

The Court must then determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). In doing so, the Court must review the facts and draw all reasonable inferences in favor of the non-moving party. *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001). Summary judgment is inappropriate where there is a genuine conflict "in the evidence, with affirmative support on both sides, and where the question is which witness to believe." *Dawson v. Dorman*, 528 F. App'x 450, 452 (6th Cir. 2013).

### A

Med Pro argues that, despite the bifurcation and stay of Ms. Jeffery's bad faith claim, summary judgment is appropriate because the Court has already determined that that Med Pro has no contractual duty to indemnify Dr. Clemens. The Court agrees.

Ms. Jeffery brings her bad faith claim under Kentucky's Unfair Claims Settlement Practices statute, which requires insurance companies "to deal in good faith with a claimant, whether an insured or a third-party, with respect to a claim which the insurance company is contractually obligated to pay." *Davidson v. American Freightways, Inc.*, 25 S.W.3d 94, 100

(Ky. 2000); *see also* Ky. Rev. Stat. Ann. § 304.12-230 (West, 2023).  Ms. Jeffery's bad faith claim is premised on her position that Med Pro owes a contractual duty to Dr. Clemens to indemnify him for his sub-par practice.  She alleges bad faith because Med Pro failed "to promptly provide a reasonable explanation for denying coverage under Dr. Clemons' insurance, and for not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability had become reasonably clear." [R. 1-2 at 5.] Ms. Jeffery argues that summary judgment on her bad faith claim is premature because she would like to see the contractual issue resolved on appeal before proceeding with the bad faith issue.

Unfortunately for Ms. Jeffery, Kentucky law is unequivocally clear: "absent a contractual obligation, there simply is no bad faith cause of action, either at common law or by statute." *Ashland Hosp. Corp. v. RLI Ins. Co.*, Civ. No. 13-143-DLB-EBA, 2015 U.S. Dist. LEXIS 33775 at *37 (E.D. Ky. March 17, 2015) (citing *Davidson*, 25 S.W.3d at 100). This Court has already held that Med Pro does not have a contractual duty to indemnify Mr. Clemens against Ms. Jeffery's default judgment because Med Pro never received proper notice.  [*See* R. 61.]  Because Med Pro does not have a contractual obligation to provide coverage, summary judgment is appropriate.

Ms. Jeffery's counter arguments are to no avail.  She readily admits that the bad faith cases she cites to rebut Med Pro concern timeliness under a statute of limitations, not timeliness of notice.  Those cases upon which she relies are readily distinguishable and do not apply here. Ms. Jeffery also attempts to distinguish Med Pro's proffered cases with a scalpel, seemingly arguing that Kentucky's courts only forbade bad faith claims when the tortfeasor's liability was unclear.  She avers that "this matter is distinguishable from bad faith cases where liability against the insured has not been established since Dr. Clemens' liability has been clearly established."

4

[R. 79 at 6.] True, Dr. Clemens' liability has been established. But, again, the Court found as a matter of law that Med Pro has no contractual duty to indemnify Dr. Clemens for his treatment of Ms. Jeffery. Without a contractual duty to pay, Med Pro cannot be found liable for bad faith.

### III

As stated above, Kentucky law is clear. Because Med Pro has no duty to indemnify Dr. Clemens, Med Pro cannot be held liable for bad faith under KRS § 304.12-230. Although the contractual issue was bifurcated from the bad faith claim, the Court agrees with Med Pro that entering judgment on the bad faith claim will increase judicial economy by allowing the appellate court to consider both issues simultaneously. Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendant Medical Protective Co.'s Motion for Summary Judgment [**R. 77**] is **GRANTED**; and

2. A separate judgment **SHALL** be entered contemporaneously with this Order.

This the 25th day of July 2024.

Gregory F. Van Tatenhove
United States District Judge